LAW OFFICES OF

# VIKRANT PAWAR

20 VESEY STREET SUITE 1210
NEW YORK NEW YORK 10007

TEL (212) 571 0805
FAX (212) 571 0938

www.pawarlaw.com

**writer's email**
VIK@PAWARLAW.COM

February 26, 2014

**BY MAIL**
The Clerk of the Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:      *Ginger Diaz v. The City of New York, et al.,* 13 CV 7612 (KBF)

Dear Clerk:

      Enclosed please find plaintiff's First Amended Complaint for filing. A PDF copy of the amended complaint has been emailed to case-openings.

Very truly yours,

Vik Pawar (VP9101)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GINGER M. DIAZ,

                             Plaintiff,                              **FIRST AMENDED**
                                                                         **COMPLAINT**

                           -against-                                              13 CV 7612 (KBF)

THE CITY OF NEW YORK, P.O. ELLINES
JIMINEZ, P.O. HECTOR MATTEO, P.O.
GABRIEL BAAITH, P.O. JOSE CINTRON,
P.O. ADAM ACOSTA, JOHN AND JANE DOES,
ET AL.,

                                  Defendants.
------------------------------------------------------------x

        GINGER M. DIAZ ("Plaintiff") by her attorneys, PAWAR LAW GROUP, P.C., as and for her Complaint against Defendants, THE CITY OF NEW YORK ("City") and JOHN and JANE DOES respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

        1.    Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988 for violations of her civil rights, as secured by statutes and the Constitution of the United States and New York state laws.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988, and the First, Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1367 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff has duly complied with conditions precedent to her lawsuit against the City for his state law claims.

## PARTIES

7. Plaintiff is a minority and resident of the County of Bronx and State of New York.

8. Defendant THE CITY OF NEW YORK (hereinafter referred to as "THE CITY") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of being sued in this court.

9. At all times hereinafter mentioned the defendant NEW YORK CITY

POLICE DEPARTMENT (hereinafter referred to as "NYPD") was and still is a subdivision

10. The named and John and Jane Does defendants are individuals employed by the CITY and NYPD and who work/worked at the 46th precinct.

11. At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law and are sued in their individual, official and supervisory capacities.

## FACTUAL BACKGROUND

12. Plaintiff resides at 2305 Grand Avenue, Bronx, New York 10468.

13. On September 20, 2012, around 7 p.m., plaintiff left her home to get some eggs and milk for her mother.

14. Plaintiff went to a nearby grocery store to make this purchase.

15. When plaintiff arrived at the grocery store, there were approximately 7-8 customers inside the premises.

16. While plaintiff was shopping for her items, she noticed uniformed officers arrive inside the premises and engaged in a conversation with plaintiff.

17. Plaintiff advised them that she did not know what they were talking about regarding drug possession.

18. Despite repeated denials from plaintiff, the two male officers dragged plaintiff outside the grocery store and started to fondle her in a guise to "search" her. Defendants used their hands to search inside of plaintiff's pants and groped and fondled her private parts.

19. In addition to the fondling and groping, the male officers also searched her and found nothing on her person, inside her clothes or her purse.

20. Undeterred, the 2 male officers then called a female officer to search plaintiff once again.

21. After the 2nd intrusive search, the defendants still did not find any illegal items on plaintiff.

22. Plaintiff was then taken to the 46th precinct where defendants were trying to strip search her.

23. Plaintiff protested this 3rd search and a Captain came over and he told her to comply with the strip-search.

24. Plaintiff was strip-searched and for the 3rd time the defendants did not find any illegal items on her person.

25. Plaintiff was detained at the precinct and her arrest processed.

26. Plaintiff was then take to court for an appearance before a judge.

27. Plaintiff spent approximately 72 hours in custody until her was let go from central booking after released ROR.

28. At the next court hearing the false and fabricated charged were dismissed against plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Excessive use of force-Fourth Amendment)

29. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

30. There was no probable cause for the unlawful seizure, arrest or the continued incarceration of Plaintiff or the excessive use of force in arresting her, and as

such the Defendants' acts resulted in violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

31. In addition, defendants had no reason for the intrusive search of her person, which was done my male defendant officers and the continued strip-search in an effort to rationalize their unlawful stop.

32. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure, unreasonable search and free from unwarranted government intrusion was violated and she sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process and Malicious Prosecution)

33. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

34. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

35. Defendants brought trumped up charges against plaintiff that even the ADA recognized the invalidity of the charges and dismissed them.

36. As a result of the foregoing, Plaintiff was deprived of her liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Deprivation of Rights under the First Amendment)

37. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

38. Plaintiff had a First Amendment right to be free and entitled to privacy.

39. However, defendants violated that right by unlawfully and illegally searching her private parts without permission and consent and any justification.

40. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability)

41. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

42. Defendants in their supervisory capacities failed to supervise their subordinate officers in that they failed to ensure that Plaintiff's rights were protected and in turn ignored the conduct of their subordinates and in fact tacitly affirmed their unlawful behavior.

43. As a result of defendants' conduct, Plaintiff suffered injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

44. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of

the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

47. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same. These arrests were done simply to generate numbers at COMPSTAT and to justify the rise in crime in any particular neighborhood. The NYPD regularly engages in these types of practices to justify overtime and number of arrests. The NYPD regularly engages in these types of practices to justify overtime, and number of arrests of minorities as reported in recent decisions in the SDNY that the NYPD has a policy and practice of unlawfully arresting minorities.

48. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein. The defendants engaged in a pattern and custom that is all too common and recognized by the Judges in the SDNY about warrantless arrests, illegal stop and frisks. In addition, there have been numerous

allegations of SNEU abusing their powers as officers to illegally detain individuals to generate overtime.

49. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Section 1981)

50. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

51. Defendants targeted Plaintiff and discriminated against her by falsely accusing her of a crime because of her race and color and caused deprivation of her constitutional rights. Defendants nevertheless arrested her knowing that she had committed no crime and this was shown when she was released after more than 36 hours.

52. As a result of these actions, Plaintiff suffered injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Conspiracy under §1985)

53. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

54. Defendants targeted Plaintiff and conspired with one another to justify their overtime and to show to the NYPD brass that they were making arrests and meeting quotas. When defendants could not find any evidence of criminal activity against the

plaintiff, they conspired with each other to fabricate evidence and bring trumped up charges against the plaintiff.

55. Plaintiff suffered serious and permanent physical and emotional injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants actions and conduct denied plaintiff the right to a fair trial and hearing and prolonged her unlawful seizure and her being maliciously prosecuted. Defendants presented false and fabricated evidence to justify the prolonged unlawful detention of plaintiff

58. As a result of this, plaintiff was injured.

## State Claims

## AS AND FOR A NINETH CAUSE OF ACTION
(Assault and battery)

59. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

60. The Defendant officers were working within the scope of their authority when they committed the actions described above, and thereby assaulted and battered the plaintiff.

61. The assault and battery aforesaid were without probable cause.

62. The Defendant officers were working within the scope of their employment when

they committed the actions described above generally and specifically those actions delineated above, and thereby assaulted and battered the Plaintiff.

63. The Defendant officers were careless, reckless and negligent in that they failed to consider evidence presented by Plaintiff and did not stop or restrain their fellow officers from assaulting the Plaintiff.

64. As a result of the aforesaid assault and battery, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

65. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

66. Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff's rights.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

67. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

68. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A TWELVTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

69. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

70. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(False imprisonment under the laws of the State of New York)

71. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

72. Plaintiff were unlawfully confined, were aware of their confinement and the confinement was not privileged.

73. As a result of defendants' conduct, Plaintiff have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

74. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

75. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

76. The aforementioned conduct was committed by defendants while acting within

the scope of their employment by defendant City.

77. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City.

78. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

78. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

79. As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

81. Defendants acted with malice when they arrested plaintiff for no reason and without any probable cause.

82. Defendants abused the criminal process to violate the Plaintiff's civil rights knowing full well that he would have to endure the stigma of his arrest even after the arrest was voided.

83. As a result of defendants' actions, Plaintiff suffered injuries.

DATED:	February 26, 2014
	New York, New York 10007

	                                      Pawar Law Group P.C.
	                                      20 Vesey Street, Suite 1210
	                                      New York, New York 10007

	By:	_____
	                                      Robert Blossner (RB0526)
	                                      Vik Pawar (VP9101)